Official Form B1, P1. 9-97    BlumbergExcelsior, Inc NYC 10013

| United States Bankruptcy Court | Voluntary Petition |
|---|---|
| District of New Hampshire | |

| Name of Debtor (If individual, enter Last, First, Middle): | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| **Hersey, David R.** | **Hersey, Katie M.** |
| All Other Names used by the debtor in the last 6 years (include married, maiden and trade names): | All Other Names used by the joint debtor in the last 6 years (include married, maiden and trade names): |
| Soc. Sec./Tax I.D. No. (If more than one, state all):<br>**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** | Soc. Sec./Tax I.D. No. (If more than one, state all):<br>**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** |
| Street Address of Debtor (No. and street, city, state, zip):<br>**23 A. Worthley Ave.**<br>**Seabrook, NH 03874** | Street Address of Joint Debtor (No. and street, city, state, zip):<br>**23 A. Worthley Ave.**<br>**Seabrook, NH 03874** |
| County of Residence or<br>Principal Place of Business:     **Rockingham** | County of Residence or<br>Principal Place of Business:     **Rockingham** |
| Mailing Address of Debtor (If different from street address): | Mailing Address of Joint Debtor (If different from street address): |
| Location of Principal Assets of Business Debtor<br>(If different from addresses listed above) | |

## Information Regarding Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)
- [x] Debtor has been domiciled or has had a residence, principal place of business or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
- [ ] There is a bankruptcy case concerning debtor's affiliate, general partner or partnership pending in this district

| **Type of Debtor** (Check all boxes that apply) | | **Chapter or Section of Bankruptcy Code Under Which the Petition is Filed** (Check one box) |
|---|---|---|
| [x] Individual | [ ] Railroad | [x] Chapter 7   [ ] Chapter 11   [ ] Chapter 13 |
| [ ] Corporation | [ ] Stockbroker | [ ] Chapter 9   [ ] Chapter 12 |
| [ ] Partnership | [ ] Commodity Broker | [ ] § 304-Case ancillary to foreign proceeding. |
| [ ] Other | | |

| **Nature of Debt** (Check one box) | | **Filing Fee** (Check one box) |
|---|---|---|
| [x] Consumer/Non-Business | [ ] Business | [x] Full Filing Fee attached. |

| **Chapter 11 Small Business** (Check all boxes that apply) | |
|---|---|
| [ ] Debtor is a small business as defined in 11 U.S.C. § 101. | [ ] Filing Fee to be paid in installments (Applicable to individuals only) |
| [ ] Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional) | Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3 |

**Statistical/Administrative Information** (Estimates Only)

- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [x] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE FOR COURT USE ONLY

**FILED**

2004 AUG 11 A 10: 25

CLERK OF THE<br>BANKRUPTCY COURT<br>DISTRICT OF N.H.

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | [ ] | [x] | [ ] | [ ] | [ ] | [ ] |

| Estimated Assets | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] |

| Estimated Debts | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Official Form B1, P2, 9-01    Blumberg Excelsior, Inc NYC 10013

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): **Hersey, David R.** **Katie M.** |
|---|---|

| **None** | Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet) | |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

| **None** | Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet.) | |
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

# Signatures

## Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11,12,13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _David Hersey_
Signature of Debtor

X _Katie Hersey_
Signature of Joint Debtor

Telephone (If not represented by attorney)

Date  8/9/04

## EXHIBIT A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐ Exhibit A is attached and made part of this petition.

## EXHIBIT B

(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _Michael C. McCarthy_  8/9/04
Signature of Attorney for Debtor(s)          Date

## Signature of Attorney

X _Michael C. McCarthy_
Signature of Attorney for Debtor(s)

**Michael C. McCarthy**
Printed Name of Attorney for Debtor(s)

Firm Name

**1 Merrill Ind. Dr. Unit 105**
Address

**Hampton, NH 03842**

**603-926-3337**
Telephone Number

8/9/04
Date

## EXHIBIT C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
☐ No

## Signature of Non-Attorney Petition Preparer

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

Printed Name of Bankruptcy Petition Preparer

Social Security Number

Address

Names and Social Security numbers of all other Individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X _____
Signature of Bankruptcy Petition Preparer

Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.

## Signature(s) of Debtor(s) (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

If debtor is a corporation filing under chapter 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Print or Type Name of Authorized Individual

_____
Title of Authorized Individual by Debtor to File this Petition

_____
Date

Form 7 Stmt. of Financial
Affairs (9-00)

Blumberg Excelsior, Inc., Publisher nyc 10013
www.blumberg.com

UNITED STATES BANKRUPTCY COURT

DISTRICT OF   New Hampshire

FILED

In re:   **Hersey, David R.**
         **Katie M.**

Debtor(s)

Case No.

2004 AUG 11   A **STATEMENT OF FINANCIAL AFFAIRS**

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19-25. **If the answer to any question is "None," or the question is not applicable, mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or person in control of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any person in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. §101.

☐ None   **1. Income from Employment or Operation of Business**

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) Give AMOUNT and SOURCE (If more than one).

| | | |
|---|---|---|
| 1. | 2002 | $26,000.00 |
| | 2003 | $26,000.00 |

☒ None   **2. Income Other than from Employment or Operation of Business**

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) Give AMOUNT and SOURCE.

**3. Payments to Creditors**

☒ None   a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within **90 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) Give NAME AND ADDRESS OF CREDITOR, DATES OF PAYMENTS, AMOUNT PAID and AMOUNT STILL OWING.

☒ None   b. List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) Give NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR, DATE OF PAYMENT, AMOUNT PAID and AMOUNT STILL OWING.

**4. Suits and Administrative Proceedings, Executions, Garnishments and Attachments**

☐ None   a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) Give CAPTION OF SUIT AND CASE NUMBER, NATURE OF PROCEEDING, COURT OR AGENCY AND LOCATION and STATUS OR DISPOSITION.

☐ None   b. Describe all property that has been attached, garnished

4.   Granite State CU vs DAvid Hersey
     Hampton  District Court

     Daimler Chrysler Service vs David Hersey et al
     Hampton District Court 03-CV-232

Immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED, DATE OF SEIZURE and DESCRIPTION AND VALUE OF PROPERTY.

☐ None    **5. Repossessions, Foreclosures, and Returns**

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property o either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give NAME AND ADDRESS OF CREDITOR OR SELLER, DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN and DESCRIPTION AND VALUE OF PROPERTY.

**6. Assignments and Receiverships**

☒ None    a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a join petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give NAME AND ADDRESS OF ASSIGNEE, DATE OF ASSIGNMENT and TERMS OF ASSIGNMENT OR SETTLEMENT.

☒ None    b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give NAME AND ADDRESS OF CUSTODIAN, NAME AND LOCATION OF COURT, CASE TITLE & NUMBER, DATE OF ORDER and DESCRIPTION AND VALUE OF PROPERTY.

☒ None    **7. Gifts**

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less the $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give NAME AND ADDRESS OF PERSON OR ORGANIZATION, RELATIONSHIP TO DEBTOR, IF ANY, DATE OF GIFT, and DESCRIPTION AND VALUE OF GIFT.

☒ None    **8. Losses**

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chater 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give DESCRIPTION AND VALUE OF PROPERTY, DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS and DATE OF LOSS.

☒ None    **9. Payments Related to Debt Counseling or Bankruptcy**

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

Give NAME AND ADDRESS OF PAYEE, DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR and AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY.

☒ None    **10. Other Transfers**

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the bebtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is file, unless the souses are separated and a joint petition is not filed.)

Give NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR, DATE, and DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED.

5.    2001 Dodge Ram
      Daimlery Chrysler Corp



☒ None   **11. Closed Financial Accounts**

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give NAME AND ADDRESS OF INSTITUTION, TYPE AND NUMBER OF ACCOUNT AND AMOUNT OF FINAL BALANCE and AMOUNT AND DATE OF SALE OR CLOSING.

☒ None   **12. Safe Deposit Boxes**

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY, NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY, DESCRIPTION OF CONTENTS and DATE OF TRANSFER OR SURRENDER, IF ANY.

☒ None   **13. Setoffs**

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give NAME AND ADDRESS OR CREDITOR, DATE OF SETOFF and AMOUNT OF SETOFF.

☒ None   **14. Property Held for Another Person**

List all property owned by another person that the debtor holds or controls.

Give NAME AND ADDRESS OF OWNER, DESCRIPTION AND VALUE OF PROPERTY and LOCATION OF PROPERTY.

☒ None   **15. Prior Address of Debtor**

If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

Give ADDRESS, NAME USED and DATES OF OCCUPANCY.

_____continuation sheets attached

*Complete unsworn declaration on page 3076-5*
*There is no page 3076-4 in non-business filings*

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date __9/9/04__

Signature of Debtor _Darrel Kenny_

Date __9/9/04__

Signature of Joint Debtor (if any) _Katie Hersey_

..............................................................................................................................................

*[If completed on behalf of a partnership or corporation]*

I, declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date _____

Signature _____

_____
Print Name and Title

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

_____ continuation sheets attached.

**Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§152 and 3571.**

..............................................................................................................................................

**CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed or Typed Name of Bankruptcy Petition Preparer

_____
Social Security No.

_____

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document: If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

X_____
Signature of Bankruptcy Petition Preparer

_____
Date

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. § 156.*

 Form B6 A/B, P1(6-90)   Julius Blumberg, Inc. NYC 10013

In re:  Hersey, David R.
        Katie M.                                   Debtor(s)        Case No.                (if known)

## SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Mobile HOme<br>23 A Worthley Ave.<br>Seabrook, NH 03874 | Fee | J | 39,500.00 | |
| | | | | |

Total ->  $ 39,500.00   (Report also on Summary of Schedules.)

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Seacoast Credit Union (Checking) | | fluctuating minimum balance |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings including audio, video and computer equipment. | | Misc household items | | 3500.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |



Form B6B, P2 (6-90)    Julius Blumberg, Inc. NYC 10013

SCHEDULE B
PERSONAL PROPERTY

In re:    Hersey, David R.
          Katie M.

Debtor(s)    Case No.                    (if known)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 10. Annuities. Itemize and name each issuer. | x | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize | | 11.  Town of Seabrook Pension | | not vested |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | x | | | |
| 13. Interest in partnerships or joint ventures. Itemize. | x | | | |
| 14. Government and corporate bonds and other negotiable and nonegotiable instruments. | x | | | |
| 15. Accounts receivable. | | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | x | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | x | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | x | | | |
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | x | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | x | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | x | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | x | | | |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | | 1992  Chevrolet Blazer<br>1995 Ford Explorer Lease | | 500.00 |
| 24. Boats, motors, and accessories. | x | | | |
| 25. Aircraft and accessories. | x | | | |
| 26. Office equipment, furnishings, and supplies. | x | | | |
| 27. Machinery, fixtures, equipment, and supplies used in business. | x | | | |
| 28. Inventory. | x | | | |
| 29. Animals. | x | | | |
| 30. Crops - growing or harvested. Give particulars. | x | | | |
| 31. Farming equipment and implements. | x | | | |
| 32. Farm supplies, chemicals, and feed. | x | | | |
| 33. Other personal property of any kind not already listed. Itemize. | x | | | |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules)    Total ->    $ 4000.00

_____ continuation sheets attached

Form B6 C (6,90)                    *Julius Blumberg, Inc. NYC 10013*

In re:   Hersey, David R.
          Katie M.                                    Debtor(s)      Case No.                    (if known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under (Check one box)

☐ 11 U.S.C. § 522(b)(1): Exemptions provided in 11 U.S.C. § 522(d). Note: These exemptions are available only in certain states.

☐ 11 U.S.C. § 522(b)(2): Exemptions available under applicable nonbankruptcy federal laws, state or local law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Personal Property | NH RSA 511:2 (Supp.)<br>I Wearing Apparel<br>II  Household Items | 3500.00 | |
| Automobile | NH RSA 511:2 (Supp.)<br>XVI | 4000.00 | |
| Homestead | NH RSA 511:2 (Supp.) | 100,000.00 (h)<br>100,000.00 (w) | |
| Any Property | NH RSA 511:2 (Supp.)<br>,VIII | | |

Form 56 D (6-90)                    Julius Blumberg, Inc. NYC 10013

In re:   Hersey, David R.
         Katie M.                                    Debtor(s)        Case No.                    (if known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CO DEBT | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | C U D * | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION IF ANY |
|---|---|---|---|---|---|---|
| A/C # 5200063936 Lease and Rental Management Corp d/b/a Auto Loan 45 Haverhill St. Andover, MA 01801 | | | 1995 Ford Explorer lease VALUE $ 6000.00 | | 6860.00 | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |

continuation sheets attached

Subtotal ->
(Total of this page)     $

Total ->
(use only on last page)  $   6860.00

*If contingent, enter C; if unliquidated, enter U; if disputed, enter D.

In re: **Hersey, David R.**
       **Katie M.**

Debtor(s)      Case No.          (if known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☒ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E

**TYPE OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Extensions of credit in an involuntary case**    Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507 (a) (2).

☐ **Wages, salaries, and commissions**    Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees, and commissions owing to qualifying independent sales representatives up to $4,300* per person, earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507 (a) (3).

☐ **Contributions to employee benefit plans**    Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507 (a) (4).

☐ **Certain farmers and fishermen**    Claims of certain farmers and fishermen, up to $4,300* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507 (a) (5).

☐ **Deposits by individuals**    Claims of individuals up to $1,950* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507 (a) (6).

☐ **Alimony, Maintenance, or Support**    Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507 (a) (7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507 (a) (8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a) (9).

*Amounts are subject to adjustment on April 1, 1998, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CO DEBT | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C U D * | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|
| A/C # | | | | | | |
| A/C # | | | | | | |
| A/C # | | | | | | |
| A/C # | | | | | | |
| A/C # | | | | | | |

_____ _____ Continuation sheets attached.

Subtotal -> (Total of this page)    $

Total -> (use only on last page of the completed Schedule E)    $

(Report total also on Summary of Schedules)

*If contingent, enter C; if unliquidated., enter U; if disputed , enter D.

Form B6 F Cont. 9-97                    Blumberg Excelsior, Inc NYC 10013

In re:   Hersey, David R.                    Debtor(s)        Case No.                    (if known)
         Katie M.

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| A/C # 4266 8510 4778 | | | | | |
| Bank One c/o Asset Acceptance PO Box 2036, Warren, RI 48090-2036 | | | consumer debt | | 2357.00 |
| A/C # 4121-7423-3785-0898 | | | | | |
| Capital One Bank c/o Allied Interstate 3000 Corporate Exchange Dr., 5th Fl columbus OH, 43231 | | | consumer debt | | 2373.00 |
| A/C # 359400191219 | | | | | |
| CBUSA/Sears c/o Capital Management Services Inc. 726 Exchange St. Ste 700 Buffalo, NY  14210 | | | consumer debt | | 1975.00 |
| A/C # 1001572413 | | | | | |
| DAimler Chrysler Financial c/o Attorney Jay M. Niederman 55 West Webster St. Manchester, NH 03104 | | | repossession      2001 | | 10,983.00 |
| A/C # 5458 0005 8514 | | | | | |
| Direct Merchant Bank c/o Sherman Aquistion 9700 Richmond, #1600 Houston, TX 77042 | | | consumer debt | | 4014.00 |
| A/C # | | | | | |
| ~~Ed Sean~~ | | | | | |
| A/C # 600466015628 | | | | | |
| Fashon Bug PO Box 84073 Columbus, GA 31908-4073 | | | consumer debt | | 274.00 |
| A/C # 8070 8696 5072 4050 | | | | | |
| Fleet Bank NH 2970 Transit Rd West Seneca, NY 14224 | | | | | 968.00 |
| A/C # CG 7F91550148364 | | | | | |
| GE Capital - HOme Depot c/o Arrow Financial Services 5996 W. Touhy Ave NIles, IL 60714 | | | | | 2029.98 |

Sheet no. _____ of _____ sheets attached to Schedule of Creditors Holding Nonpriority Claims.

Subtotal ->    $   24,973.98
(Total of this page)

Total ->    $

* f husband, enter H; if wife, enter W; if joint enter J, if community, enter C.

** If contingent, enter C; if unliquidated, enter U; if disputed, enter D.

(use only on last page of completed Schedule F)

Form B6 F, 9-97    BlumbergExcelsior, Inc NYC 10013

In re: **Hersey, David R.**                    Debtor(s)    Case No.                    (if known)
       **Katie M.**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| A/C # 1002662401 Granite State Credit Union 464 Chestnut St. Manchester, NH 03101 | | | repossessed yamaha '96 | | 6350.00 |
| A/C # 72319776 Green Tree/Conseco PO Box 6078 Rapid City, SD 57709 | | | | | 21,603.00 |
| A/C # 176401100445996 HOusehold Retail Service - Yamaha c/o Oliphant Financial PO Box 2899 Sarasota, FL 34230 | | | | | 9,991.00 |
| A/C # 272009 MBGA/JC Penney PO Box 981131 ElPaso, TX 79998-1131 | | | | | 667.00 |
| A/C # 01958001 Macy's/FDSB PO Box 4564 CArol Stream, IL 60197 | | | | | 574.00 |
| A/C # 1400485641 Providian c/o Asst Acceptance PO Box 2036 Warren, RI 43090 | | | | | 1562.00 |
| A/C # 103829339 Snap On Tools PO Box 506 Gurnee, IL 60031 | | | | | 1842.71 |
| A/C # 1045529070 Verizon Wireless PO Box 489 Newark, NJ 07101-485 | | | | | 600.00 |
| A/C # Verizon c/o Arrow Financial 5996 W. Touhy Ave. Niles, IL 60714 | | | | | 421.00 |

_____ Continuation Sheets attached.

Subtotal -> (Total of this page)    $ 43,610.71

Total ->    $

If husband, enter H; if wife, enter W; if joint enter J, if community, enter C.

* If contingent, enter C; if unliquidated, enter U; if disputed, enter D.

(use only on last page of completed Schedule F.)

 Form B6 F Cont., 9-97   Blumberg Excelsior, Inc NYC 10013

In re:   **Hersey, David R.**                    Debtor(s)           Case No.              (if known)
         **Katie M.**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | H W J C. | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D. | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| A/C # 5046 6202 1014 2303<br>Whitehall Jewellers Inc.<br>c/o Arrow Financial<br>5996 W. Touhy Ave.<br>Niles, IL 60714 | | | | | 2258.00 |
| A/C # | | | | | |
| A/C # | | | | | |
| A/C # | | | | | |
| A/C # | | | | | |
| A/C # | | | | | |
| A/C # | | | | | |
| A/C # | | | | | |
| A/C # | | | | | |

Sheet no. _____ of _____ sheets attached to Schedule of Creditors
Holding Nonpriority Claims.

Subtotal -> (Total of this page)   $ 2258.00

Total ->   $ 70,842.69

\* If husband, enter H; if wife, enter W; if joint enter J, if community, enter C.

\*\* If contingent, enter C; if unliquidated, enter U; if disputed, enter D.

(use only on last page of completed Schedule F.)



Form B6 G (6-90)                    Julius Blumberg, Inc. NYC 10013

In re:   Hersey, David R.
         Katie M.
                                        Debtor(s)        Case No.                (if known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |

Form B6H (6-90)   Julius Blumberg, Inc. NYC 10013

In re:  Hersey, David R.
              Katie M.

                                                    Debtor(s)        Case No.                    (if known)

## SCHEDULE H - CODEBTORS

☒ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
| --- | --- |
|  |  |

Form B6I   (6-90)      Julius Blumberg, Inc. NYC 10013

In re:   **Hersey, David R.**          Debtor(s)      Case No.
         **Katie M.**                                          (if known)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| | NAMES | AGE | RELATIONSHIP |
| Married | Cameron | 6 | son |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | firefighter | unemployed |
| Name of Employer | Town of Seabrook | |
| How long employed | 13 months | |
| Address of Employer | 87 Centennial St. Seabrook, NH 03874 | |

**Income:** (Estimate of average monthly income)

| | | DEBTOR | SPOUSE |
|---|---|---|---|
| Current monthly gross wages, salary,and commissions (pro rate if not paid monthly.) | $ | 2894.56 | $ |
| Estimate monthly overtime | | 350.00 | |
| SUBTOTAL | $ | 3244.56 | $ |
| LESS PAYROLL DEDUCTIONS | | | |
| a. Payroll taxes and social security | $145.45 | | |
| b. Insurance | | | |
| c. Union dues | 10.73 | | |
| d. Other (Specify) | | | |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 156.18 | $ |
| TOTAL NET MONTHLY TAKE HOME PAY | $ | 2519.74 | $ |
| Regular income from operation of business or profession or farm (attach detailed statement) | | | |
| Income from real property | | | |
| Interest and dividends | | | |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | | | |
| Social security or other government assistance (Specify) | | | |
| Pension or retirement income | | | |
| Other monthly income (Specify) | | | |
| TOTAL MONTHLY INCOME | $ | 2619.74 | $ |
| TOTAL COMBINED MONTHLY INCOME | $ | | (Report also on Summary of Schedules) |

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

Form 6J, Cont. (6/90)

In re:   **Hersey, David R.**
         **Katie M.**                          Debtor(s)      Case No.              (if known)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse".

Rent or home mortgage payment  (include lot rented for mobile home) .......................... $ 600.00
Are real estate taxes included?  ☐ Yes  ☒ No    Is property insurance included?  ☐ Yes  ☒ No
Utilities  Electricity and heating fuel ..................................... 200.00
     Water and sewer ..................................... 10.00
     Telephone ..................................... 60.00
     Other    Cable etc ..................................... 100.00

Home maintenance (repairs and upkeep) ..................................... 300.00
Food ..................................... 400.00
Clothing ..................................... 200.00
Laundry and dry cleaning ..................................... 50.00
Medical and dental expenses ..................................... 25.00
Transportation (not including car payments) ..................................... 150.00
Recreation, clubs and entertainment, newspapers, magazines, etc. ..................................... 50.00
Charitable contributions .....................................
Insurance (not deducted from wages or included in home mortgage payments)
     Homeowner's or renter's ..................................... 136.00
     Life .....................................
     Health .....................................
     Auto ..................................... 166.00
     Other .....................................

Taxes (not deducted from wages or included in home mortgage payments) ..................................... 75.00
(Specify)

Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan)
     Auto ..................................... 287.12
     Other

Alimony, maintenance, and support paid to others
Payments for support of additional dependents not living at your home
Regular expenses from operation of business, profession, or farm (attach detailed statement) .....................................
Other .....................................

TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) ..................................... $ 2809.12

(FOR CHAPTER 12 AND 13 DEBTORS ONLY)
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

A. Total projected monthly income                                        $
B. Total projected monthly expenses                                      $
C. Excess income (A minus B)                                             $ _____
D. Total amount to be paid into plan each                                $ _____
               (interval)

Form B6 Cont. (12/94)                     Julius Blumberg, Inc. NYC 10013

In re:                                                    Debtor(s)        Case No.

                                                                                    (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____13_____ sheets,
and that they are true and correct to the best of my knowledge, information, and belief.                (Total shown on summary page plus 1.)

Date   8/9/04                              Signature: _David Remy_
                                                                    Debtor
Date   8/9/04                              Signature: _Katie Hersey_

                                           (Joint Debtor, if any) (If joint case, both spouses must sign.)

---

## CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (SEE 11 U.S.C. § 110)

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the
debtor with a copy of this document.

_____               _____
Printed or Typed Name of Bankruptcy Petition Preparer          Social Security No.

_____

Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

X _____                  _____
Signature of Bankruptcy Petition Preparer               Date

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines
or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156*

---

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the _____ (the president or other officer or an authorized agent of the corporation or a member or an
authorized agent of the partnership) of the _____(corporation or partnership) named as debtor in this case,
declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____sheets, and
that they are true and correct to the best of my knowledge, information, and belief.          (Total shown on summary page plus 1.)

Date                                       Signature: _____
                                           (Print or type name of individual signing on behalf of debtor.)

(An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.)

**Blumberg's Law Products**

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF** New Hampshire

In re    Hersey, David R.
         Katie M.

Debtor(s)    Case No.    (If Known)

# STATEMENT
Pursuant to Rule 2016(b)

The undersigned, pursuant to Rule 2016(b) Bankruptcy Rules, states that:

(1) The undersigned is the attorney for the debtor(s) in this case.
(2) The compensation paid or agreed to be paid by the debtor(s) to the undersigned is:
    (a) for legal services rendered or to be rendered in contemplation of and in connection
        with this case                                                                  $ 595.00
    (b) prior to filing this statement, debtor(s) have paid              $ 595.00
    (c) the unpaid balance due and payable is                       $ -0-
(3) $ 209.00        of the filing fee in this case has been paid.
(4) The services rendered or to be rendered include the following:
    (a) analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to file a
        petition under title 11 of the United States Code.
    (b) preparation and filing of the petition, schedules, statement of affairs and other documents required by the court.
    (c) representation of the debtor(s) at the meeting of creditors.

(5) The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for services
    performed, and

(6) The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will be from
    earnings, wages and compensation for services performed, and

(7) The undersigned has received no transfer, assignment or pledge of property execept the following for the value stated:

(8) The undersigned has not shared or agreed to share with any other entity, other than with members of undersigned's law firm,
    any compensation paid or to be paid except as follows:

Dated:  8/9/04    Respectfully submitted, *Michael C. McCauli*    *Attorney for Petitioner*

*Attorney's name and address.*    1 Merrill Ind. dr. Unit 105, Hampton, NH 03842

Official Form B8, 9-97      BlumbergExcelsior, Inc NYC 10013

UNITED STATES BANKRUPTCY COURT          DISTRICT OF New Hampshire

In re:  Hersey, David R.                    Debtor(s)     Case No.
        Katie M.                                          Chapter

### CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

1. I have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.

2. I intend to do the following with respect to the property of the estate which secures those consumer debts:   a. Property to Be Surrendered
None

| Description of property | Creditor's name |
| --- | --- |

b. Property to Be Retained                                                        *[Check any applicable statement ]*

| Description of property | Creditor's name | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. § 722 | Debt will be reaffirmed pursuant to 11 U.S.C. § 524(c) |
| --- | --- | --- | --- | --- |
| Ford Explorer | Lease & Rental Mgt Corp | | | x |

8/9/04        *David Hersey*              *Katie Hersey*
Date          Signature of Debtor         Signature of Debtor

### CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (SEE 11 U.S.C. § 110)

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

Printed or Typed Name of Bankruptcy Petition Preparer          Social Security No.

Address          Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

X—
Signature of Bankruptcy Petition Preparer          Date

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure*

# United States Bankruptcy Court

## NOTICE TO INDIVIDUAL CONSUMER DEBTOR

The purpose of this notice is to acquaint you with the four chapters of the federal Bankruptcy Code under which you may file a bankruptcy petition. The bankruptcy law is complicated and not easily described. Therefore, you should seek the advice of an attorney to learn of your rights and responsibilities under the law should you decide to file a petition with the court. Court employees are prohibited from giving you legal advice.

## Chapter 7: Liquidation ($155 filing fee plus $30 administrative fee plus $15 trustee surcharge)

1.   Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.

2.   Under chapter 7 a trustee takes possession of all your property. You may claim certain of your property as exempt under governing law. The trustee then liquidates the property and uses the proceeds to pay your creditors according to priorities of the Bankruptcy Code.

3.   The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, your discharge may be denied by the court, and the purpose for which you filed the bankruptcy petition will be defeated.

4.   Even if you receive a discharge, there are some debts that are not discharged under the law. Therefore, you may still be responsible for such debts as certain taxes and student loans, alimony and support payments, criminal restitution, and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs.

5.   Under certain circumstances you may keep property that you have purchased subject to valid security interest. Your attorney can explain the options that are available to you.

## Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($155 filing fee plus $30 administrative fee)

1.   Chapter 13 is designed for individuals with regular income who are temporarily unable to pay their debts but would like to pay them in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2.   Under chapter 13 you must file a plan with the court to repay your creditors all or party of the money that you owe them using your future earnings. Usually, the period allowed by the court to repay your debts is three years, but no more than five years. Your plan must be approved by the court before it can take effect.

3.   Under chapter 13, unlike chapter 7, you may keep all your property, both exempt and non-exempt, as long as you continue to make payments under the plan.

4.   After completion of payments under your plan, your debts are discharged except alimony and support payments, student loans, certain debts including criminal fines and restitution and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs, and long term secured obligations.

## Chapter 11: Reorganization ($800 filing fee plus $30 administrative fee)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision to file a chapter 11 petition should be reviewed with an attorney.

## Chapter 12: Family Farmer ($200 filing fee plus $30 administrative fee)

Chapter 12 is designed to permit family farmers to repay their debts over a period of time from future earnings and is in many ways similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm.

I, the debtor, affirm that I have read this notice.

8/9/04
_____
Date

_Daniel Henny_
Signature of Debtor

_Katie Hersey_

Case Number

Form B6 (6-90)                          Julius Blumberg, Inc. NYC 10013

**UNITED STATES BANKRUPTCY COURT**                    **DISTRICT OF**  New Hampshire

In re:   Hersey, DAvid R.                    Debtor(s)          Case No.
         Katie M.                                                                    (If Known)

See summary below for the list of schedules.  Include Unsworn Declaration under Penalty of Perjury at the end.

    GENERAL INSTRUCTIONS:  Schedules D, E and F have been designed for the listing of each claim only once.  Even when a claim is secured only in part,
or entitled to priorityonly in part, it still should be listed only once.  A claim which  is secured in whole or in part should be listed on Schedule D only, and a claim
which is entitled to priority in whole or in part should be listed in Schedule E only.  Do not list the same claim twice.  If a creditor has more than one claim, such
as claims arising from separate transactions, each claim should be scheduled separately.

    Review the specific instructions for each schedule before completing the schedule.

## SUMMARY OF SCHEDULES

    Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I and J
in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts from Schedules
D, E, and F to determine the total amount of the debtor's liabilities.

| Name of Schedule | Attached (Yes No) | Number of sheets | Amounts Scheduled | | |
|---|---|---|---|---|---|
| | | | Assets | Liabilities | Other |
| A - Real Property | | | 39,500.00 | | |
| B - Personal Property | | | 4,000.00 | | |
| C - Property Claimed as Exempt | | | | | |
| D - Creditors Holding Secured Claims | | | | 6860.00 | |
| E - Creditors Holding Unsecured Priority Claims | | | | | |
| F - Creditors Holding Unsecured Nonpriority Claims | | | | 70,842.69 | |
| G - Executory Contracts and Unexpired Leases | | | | | |
| H - Codebtors | | | | | |
| I - Current Income of Individual Debtor(s) | | | | | |
| J - Current Expenditures of Individual Debtor(s) | | | | | |
| Total Number of Sheets of All Schedules | | | | | |
| Total Assets | | | 43,500.00 | | |
| Total Liabilities | | | | 77,702.69 | |

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

In Re: Hersey, David R.       )
       Hersey, Katie M.       )
                          )
          Debtor        )

Case No.
Chapter 7

### VERIFICATION OF MATRIX

I hereby certify under penalty of perjury that the attached Matrix listing creditors is true to the best of my knowledge.

Dated: 8/9/04

_____
Debtor, David R. Hersey

Dated: 8/9/04

_____
Debtor, Katie M. Hersey

Dated: 8/9/04

_____
Michael C. McCarthy
Attorney for Debtor